Argued November 23, 1932; petition for writ of mandamus dismissed January 24; time extended for filing petition for rehearing but no petition filed at expiration of time, April 25, 1933.

## SCHOOL DISTRICT No. 9 OF TILLAMOOK COUNTY *v.* MILLS

(18 P. (2d) 231)

*George P. Winslow* and *E. J. Claussen,* both of Tillamook, for plaintiff.

*C. W. Barrick,* of Tillamook, and *Ralph H. King,* of Portland, for defendant.

ROSSMAN, J.   This is a proceeding in mandamus instituted in this court by a school district of Tillamook county against the defendant, who is the county treasurer of that county, to secure a writ compelling the defendant to pay five orders (described in the

petition) drawn by the relator upon the defendant, or to endorse them: "Not paid for want of funds" so that interest may accrue upon them.

The petition, after alleging compliance by the school district and the county school superintendent of Tillamook county with the requirements of 1915 Session Laws, chapter 235 (§§ 35-4101 to 35-4113, Oregon Code 1930), which requires the filing of reports described in that act, alleges that annually, beginning with the year 1916, at the time of the annual tax levy, the county court of Tillamook county imposed the tax authorized by section 35-4106 upon all taxable property in the county not situated in any high school district for the purpose of defraying the costs for the current year of educating high school pupils residing in that county, but not living in any high school district. The petition alleges that upon collection the money was placed in the county high school tuition fund by the county treasurer, in obedience to the above act, and that since the enactment of that statute the county school superintendent, in the apportionment of the fund, "did not apportion to the plaintiff the total costs to the plaintiff of educating high school pupils residing in the county and not within a high school district as reported to him by plaintiff, or as shown by said county school superintendent's report to the said county court, and in making said apportionments, prior to the apportionment made on the 9th day of April, 1932, hereinafter referred to, the said county school superintendent apportioned to the plaintiff only plaintiff's portion of the amount of money belonging to said fund actually collected by the said county upon said levies * * *." Continuing, the petition alleges that April 9, 1932, the county school superintendent ascertained the amount of deficiency in the payments to the

district high schools out of the county high school tuition fund caused by the fact that the treasurer had paid to them only the amount actually collected by the tax collector upon the above mentioned tax, and not the actual cost to them of schooling the pupils who attended their institutions but who resided outside of high school districts, and found that "the sum of $25,-374.70 was owing plaintiff * * * up to and including the school year ending June 15, 1931, as such costs had been each year ascertained and certified by said county school superintendent". The petition avers that on April 9, 1932, the county school superintendent, in order to partially discharge the above delinquency made a further apportionment of the high school tuition fund, in the course of which he issued to the plaintiff four orders aggregating $17,931.31. It avers that on June 20, 1932, after plaintiff's school clerk had filed with the county school superintendent his annual report, as required by the above statute, the superintendent delivered to the plaintiff an order on the defendant against the county high school tuition fund for the sum of $11,000, being 50 per cent of the expenses incurred by the plaintiff in the school year ending June 20, 1932, and in educating high school pupils residing outside of any high school district. The petition alleges that upon the receipt of these five orders the plaintiff presented them to the defendant and demanded that if payment were not made that the defendant endorse upon them: "Not paid for want of funds" so as to enable them to draw interest, but that the defendant refused payment and also refused to make the requested endorsement. We now quote from the petition: "In truth and in fact the defendant, county treasurer, has paid upon orders issued by the county school superintendent to the various school dis-

tricts in Tillamook county maintaining high schools all money actually received by her as county treasurer and which was credited by her to the said 'County High School Tuition Fund' except a small balance which now remains on hand in said fund''. The concluding paragraph states that the defendant's reasons for her refusal to comply with the plaintiff's requests are that a sufficient amount of money is not in her possession to enable her to make the payments, and that the statutes of this state do not authorize the endorsement. To the petition the defendant demurred upon the ground that the averments of the petition do not entitle the petitioner to the relief which it demands.

The purpose of the act is to afford to children of high school age who do not reside within a high school district opportunity to acquire a high school education, and to enable the districts to receive compensation for the schooling they confer upon such children. The act seeks to effect the latter purpose by requiring the clerks of high school districts whose schools are attended by children living outside of their districts to report to the county school superintendent the cost of operation and the number of children attending their institution; by requiring the county school superintendent to submit to the county court a compilation showing the cost of educating in the district high schools all children who do not reside within a high school district; and by requiring the county court, upon receipt of this information, to levy a sufficient tax upon all taxable property not within a high school district to raise the needed sum.

It will be observed from the averments of the petition that the plaintiff has received $25,374.70 less than the expenses incurred by it in conferring schooling

upon children who do not reside within its district. This deficiency is due to tax delinquencies in the portions of the county outside of high school districts. It will also be observed that since the defendant does not have sufficient cash in her possession to honor any of the five above mentioned demands she has refused to pay them. Due to lack of cash, she has also refused to pay the demand for $11,000, dated June 20, 1932. Further, it will be observed from the preceding that she refuses to endorse the orders: "Not paid for want of funds" so as to entitle them to draw interest, because she believes that the laws governing the conduct of her office do not authorize her to do so.

Various sections of our statutes are deemed by the parties applicable to this controversy and are reviewed in their briefs; but since the application of most of these sections to the issue before us is remote we shall mention only two of them.

Section 35-4106, Oregon Code 1930, makes provision for the creation of the county high school tuition fund which is the subject-matter of this controversy. After providing that the county court, upon receipt of the certificate of the county school superintendent, must levy upon all taxable property in the county not situated in any high school district a special tax sufficient in amount to defray the cost for the current year of educating all high school pupils residing outside of high school districts, it provides: "Said tax shall be collected as other taxes are collected, and shall be paid into the county treasury, and placed in a fund to be known as the county high school tuition fund". Having thus created the fund, the next section of the act (§ 35-4107) provides: "The county school superintendent of each county shall, on the first Monday of October of each year, and at such other times during

the year as he may deem advisable, apportion the high school tuition fund in the county treasury to the several high school districts having territory in his county" whose schools were attended by children residing in territory outside of high school districts. It will be observed that although the act provides that the superintendent shall apportion the high school tuition fund "in the county treasury," the apportionment made by him, which is the basis of this proceeding, was of tax items not in the treasury and which the tax collector had found uncollectible.

■ The plaintiff, in support of its contention that it is entitled to the relief sought by its prayer, quotes that portion of section 35-4107 which provides that the school superintendent, in making the above apportionment, shall apportion to each district "the total cost to each of such high school districts, of educating high school pupils, who reside in his county outside of any high school districts as shown in his report for the preceding year". We believe, however, that the words just quoted require payment to the school district of "the total cost" only to the extent that the county has been able to effect collection. To hold otherwise would make the county a guarantor to each school district that it would receive the full amount of its budget; in fact, the county would become a debtor and the size of the debt would be the amount of the school district's needs, together with 6 per cent interest upon any unpaid balance.

■ We are of the opinion that the county school superintendent's right to apportion applies only to the "fund in the county treasury".

The petition is dismissed.

RAND, C. J., BEAN, BELT, CAMPBELL and KELLY, JJ., concur.